IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LL, a minor, by and through her Father and Guardian ad Litem, ANDY LYON,<br><br>Petitioner,<br><br>vs.<br><br>LOGAN RIVER ACADEMY; and DOES I through X,<br><br>Respondents. | **MEMORANDUM DECISION and REPORT AND RECOMMENDATION**<br><br>Case No: 1:09-cv-29 CW<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge David Nuffer |

Logan River Academy's Motion to Dismiss Application for Writ of Civil Habeas Corpus[1] is currently before the court. District Judge Clark Waddoups referred[2] this case to the magistrate judge for a report and recommendation on all dispositive issues.

Logan River Academy moves to dismiss the Application for Writ of Habeas Corpus arguing that a federal court lacks subject matter jurisdiction over state court decisions regarding parental rights and child custody, and that an application for writ of habeas corpus is not appropriate to attack a state court order on child custody issues. The magistrate finds these arguments conclusive, and therefore recommends that the district judge grant the motion to dismiss.

---

[1] Docket no. 5, filed 2/23/09.

[2] Docket no. 9, filed 2/26/09.

### Background

On February 2, 2009, the Superior Court of California, County of Los Angeles, ruled on an Order to Show Cause for Modification of Child Custody, and entered an order awarding sole legal and physical custody of the minor child LL to her natural mother, Corrie Ann La Frenaye.[3] In the same order, the court directed Ms. La Frenaye to enroll LL in the Logan River Program.[4] Subsequently, LL's father Andy Lyon, as Guardian Ad Litem,[5] filed an Application for a Writ of Habeas Corpus[6] alleging that LL had been abducted and incarcerated without due process of law[7] and that she should be immediately released to his custody.[8]

### Discussion

This is a California custody matter. A California court's decision resolved a dispute between the biological parents by awarding sole legal and physical custody to the mother. There is no jurisdictional basis for federal court in the District of Utah to intervene in that process. It is well settled that 28 U.S.C.A. § 2254 Shepardize does not confer jurisdiction on federal district courts to review state court judgments regarding parental rights or child custody through a federal writ

---

[3] *See* Minute Entry Order dated February 2, 2009, attached as exhibit A to Memorandum in Support of Motion to Dismiss Application for Writ of Civil Habeas Corpus, docket no. 6, filed 2/23/09.

[4] *Id*. at 2.

[5] No evidence has been submitted indicating that any court has appointed Mr. Lyon as LL's Guardian Ad Litem. Ms. La Frenaye states that she has not "consented to allow Andy Lyon to act as guardian ad litem for [LL]." *See* Affidavit of Corrie La Frenaye at 3, ¶12, attached to Reply Memorandum in Support of Motion to Dismiss Application for Writ of Civil Habeas Corpus, docket no. 11, filed 3/12/09.

[6] Docket no. 1, filed 2/18/09.

[7] Memorandum in Support of Petition for Writ of Civil Habeas Corpus at 12, docket no. 2, filed 2/18/09.

[8] *Id*. at 13.

of habeas corpus.[9]  In *Lehman v. Lycoming County Children's Services Agency*, the Supreme Court specifically addressed the use of a federal writ of habeas corpus in child custody cases and stated:

> The considerations in a child-custody case are quite different from those present in any prior case in which this Court has sustained federal-court jurisdiction under § 2254.  The federal writ of habeas corpus, representing as it does a profound interference with state judicial systems and the finality of state decisions, should be reserved for those instances in which the federal interest in individual liberty is so strong that it outweighs federalism and finality concerns.  Congress has indicated no intention that the reach of § 2254 encompass a claim like that of petitioner.  We therefore hold that § 2254 does not confer federal court jurisdiction.[10]

Consequently, § 2254 does not confer subject matter jurisdiction on federal courts to review challenges to state court custody decisions and dismissal for lack of subject matter jurisdiction is proper.[11]

Because Petitioner effectively seeks to overturn a state court child custody order, the Application is further barred by the Rooker-Feldman doctrine, which holds that federal review of state court judgments is only available in the United States Supreme Court.[12]  The appropriate process for challenging the recent order of the Superior Court of California is to file an appeal in California, and after the California Supreme Court rules on the appeal, a petition for certiorari

---

[9] *Anderson v. Colorado*, 793 F.2d 262, 263 Shepardize (10th Cir. 1986).

[10] *Id.* at 515-16 Shepardize .

[11] *Lehman v. Lycoming County Children's Services Agency,* 458 U.S. 502, 511 Shepardize (1982).

[12] *DC Court of Appeals v. Feldman,* 460 U.S. 462 Shepardize (1983).

may be filed with United States Supreme Court.[13]

## RECOMMENDATION

IT IS RECOMMENDED THAT the Motion to Dismiss[14] be GRANTED because federal courts lack subject matter jurisdiction over state court decisions regarding parental rights and child custody, and because an application for writ of habeas corpus is not appropriate to attack a state court order dealing with those issues.

## NOTICE

Copies of this Report and Recommendation are being mailed to the parties, who are hereby notified that they have the right to object to the Report and Recommendation.  The parties are further notified that they must file any objections to the Report and Recommendation with the clerk of the district court, pursuant to 28 U.S.C. § 636(b) Shepardize , within ten (10) days after receiving this notice.  Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

March 16, 2009.

                                                    BY THE COURT:

                                                   David Nuffer
                                                   U.S. Magistrate Judge

---

[13] *Anderson*, 793 F.2d at 264 Shepardize .

[14] Docket no. 5.